UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN THE GREEK CO., INC.,

                Plaintiff,

-against-   **REPORT AND RECOMMENDATION**
      16-CV-919 (JS)(AYS)

EATERNITY, LLC d/b/a LOCAL THYME
and STEPHAN HILDERBRANDT, MARITZA
HILDERBRANDT and JODI KORLITZ
a/k/a JUANITA KORLITZ,

                Defendants.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

This is an action commenced by Plaintiff John the Greek Co., Inc. ("Plaintiff") alleging that the Defendant Eaternity LLC d/b/a Local Thyme ("Eaternity") and its principal, individual Defendant Stefan Hilderbrandt ("Hilderbrandt"), and individual defendants Maritza Hilderbrandt ("Maritza") and Jodi Korlitz a/k/a Juanita Korlitz ("Korlitz"), failed to pay for certain wholesale quantities of produce, in violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq.

Presently before the Court is the District Court's referral of Plaintiff's motion for entry of a judgment of default against Hildebrandt, summary judgment on the issue of damages against Defendants, and the dismissal of individual defendants Maritza Hilderbrandt and Jodi Korlitz a/k/a Juanita Korlitz. Docket Entry ("DE") [59].  The District Court has referred the motion to this Court to determine whether a default judgment should be entered and, if so, to determine the appropriate amount of damages, costs and/or fees to be awarded.[1]  DE [62].

---

[1]. Subsequent to the June 12, 2018 Referral Order, the Honorable Arthur D. Spatt recused

For the reasons set forth below, this Court respectfully recommends that the motion for entry of a default judgment against Hildebrandt be granted, that Maritza Hilderbrandt and Jodi Korlitz a/k/a/ Juanita Korlitz be dismissed from this action, and that damages and fees be awarded as set forth below.

## BACKGROUND

I. Facts

The following facts, adduced from Plaintiff's Amended Complaint, the declaration of Leonard Kreinces ("Kreinces Decl."), and the exhibits attached thereto, are undisputed and taken as true for purposes of deciding this motion. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

The Plaintiff is a resident corporation with a principal place of business in Port Washington, New York. Am. Compl. ¶ 3, DE [42]. Corporate Defendant Eaternity is a foreign limited liability company with a principal place of business in Stamford, Connecticut and doing business in New York, New York. Id. ¶ 4. At all times relevant to this case, Eaternity engaged in the purchase and sale of perishable agricultural commodities, thus subjecting it to the PACA. Id. Plaintiff alleges that Stefen Hilderbrandt is a principal officer, director and shareholder of Eaternity and "is the moving force concerning the operations of that corporation whose decision it was to determine to whom payments of invoiced amounts would be made from the purchase of perishable agricultural; commodities delivered to it, as well as other payments to PACA beneficiaries, including but not limited to plaintiff.". Id. ¶ 5.

Between June 2014 and March 2015, the Plaintiff sold to the corporate Defendant

---

himself from the case and the matter was reassigned to the Honorable Joanna Seybert for all further proceedings. DE [63].

2

wholesale quantities of produce in the total amount of $73,643.47. Am. Compl. ¶¶ 14-17; Kreinces Decl., Ex. D, DE [60-4] [60-5]. To date, Eaternity has not paid for these goods.

Plaintiff provided invoices to Eaternity for all the produce sold which state that the buyer must pay an interest charge of 1.5% per month on the overdue unpaid balance, and all costs and attorney's fees incurred in collection. See Kreinces Decl., Ex. D. The invoices also provide that the goods listed on the invoices are sold subject to the statutory trust authorized by Section 5(c) of [PACA], and Plaintiff "retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." Id.

B.  Procedural History

Plaintiff's complaint was filed on February 25, 2016. DE [1]. No answer was filed, and thereafter, on April 5, 2016, Plaintiff filed a request for entry of default against both Defendants. DE [11]. On April 15, 2016, the Clerk of this Court noted Defendants' defaults. DE [13]. However, on April 29, 2016, Defendants filed an Answer.

Thereafter, on August 17, 2016, after being granted leave by the Court, see DE [20], Plaintiff filed a motion for summary judgment. DE [21]. On February 10, 2017, Plaintiff's motion was granted in part and denied in part. DE [31]. Specifically, the District Court granted the portion of the motion seeking summary judgment as against Eaternity, but denied the portion seeking summary judgment as against Hilderbrandt. DE [31]. The District Court deferred its ruling on the appropriate damages, pending the outcome of a trial on the remaining claims against Hilderbrandt. Id.

Following the summary judgment decision, an initial conference was held and a discovery schedule was entered. See DE [35]. On May 9, 2017, Plaintiff moved to amend the

3

Complaint. DE [37]. The motion to amend was granted as unopposed on August 8, 2019. Electronic Order dated 08/08/2017. Plaintiff filed the Amended Complaint on August 10, 2017. DE [42].

On February 14, 2018, Martin Shell, Esq., Defendants' counsel, filed a motion to withdraw as Defendants' attorney. DE [46]. Following oral argument, the District Court granted the motion to withdraw as counsel and directed Plaintiff to file a motion for default judgment on Hilderbrandt and that service be made via email. DE [52].

On June 5, 2018, Plaintiff filed a request for entry of default against Hilderbrandt. DE [56]. That same day, the Clerk of this Court noted Hilderbrandt's default. On June 7, 2018, Plaintiff moved for an entry of a judgment of default as against Hilderbrandt, summary judgment on the issue of damages against Defendants, and the dismissal of Maritza Hilderbrandt and Jodi Korlitz a/k/a Juanita Korlitz from this action. DE [59]. On June 12, 2018, that motion was referred to this Court for Report and Recommendation. See Referral Order, DE [62].

DISCUSSION

I.   Legal Principles

    A.   Standard for Entering a Judgment of Default

Rule 55 of the Federal Rules of Civil Procedure employs a two-step process before entering a judgement of default against a party that fails to respond or defend. Fed. R. Civ. P. 55; see Romero v. Floris Constr., Inc., 2017 WL 5592681, at *2 (E.D.N.Y. Nov. 20, 2017). First, the party seeking a judgement of default must ascertain a certificate of default from the Clerk of the Court. Fed. R. Civ. P. 55(a). After the Clerk issues a certificate, the moving party then requests an entry of a judgement of default. Id. R. 55(b); see Coley v. Vannguard Urban Improvement Ass'n, Inc., 2018 WL 1513628, at *2 (E.D.N.Y. Mar. 27, 2018), as amended (Mar.

29, 2018). All of the well-pleaded factual allegations in the complaint pertaining to liability are deemed to be true. Qiu Hua Tan v. Voyage Express Inc., 2017 WL 2334969, at *2 (E.D.N.Y. May 25, 2017) (quoting Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (E.D.N.Y. 1992). However, it is up to the court to determine whether the unchallenged facts constitute a legitimate cause of action. Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).

  B. Service Upon Hilderbrandt

Before the merits of the motion can be addressed, the court must first determine whether the Plaintiff's failure to serve Hilderbrandt with the amended complaint impacts the motion for a default judgment. Notwithstanding the court's discretion to enter default judgments, "[a] court may not properly enter a default judgment unless it has jurisdiction over . . . the party against whom the judgment is sought, which . . . means that [the party] must have been effectively served with process." OS Recovery, Inc. v. One Groupe Int'l, Inc., 2005 WL 1744986, at *1 (S.D.N.Y. July 26, 2005); see also Jackson v. New York State, 2007 WL 437249, at *2 (W.D.N.Y. Feb. 6, 2007) (default motion as to amended pleading was premature since plaintiff had not served defendants with amended complaint).

Although Plaintiff did not serve Hilderbrandt with the amended complaint, the amended complaint added no new claims against Hilderbrandt. Indeed, the sole purpose of the amendment was to add Maritza Hilderbrandt and Jodi Korlitz a/k/a/ Juanita Korlitz as defendants, after Plaintiff's counsel learned of their roles in Eaternity during the briefing of the summary judgment motion. See DE [37]. Rule 5(a)(2) contains an exception that "[n]o service is required on a party who is in default for failing to appear," unless the document is a pleading containing new claims against that party. Fed. R. Civ. P. 5(a)(2). "For the purposes of [the Rule], a party has failed to

5

appear if it does not, [as here] appear within the time proscribed for answering or otherwise responding to the complaint; no entry of default by the clerk is required." Allstate Ins. Co. v. Yadgarov, 2014 WL 860019, at *6–7 (E.D.N.Y. Mar. 5, 2014). Accordingly, the Court has jurisdiction over Hilderbrandt.

   C.  The Perishable Agricultural Commodities Act

"PACA provides that a dealer who receives goods or derives proceeds from a wholesaler's produce ... is to hold those goods in trust for the benefit of the unpaid seller." S. Katzman Produce, Inc. v. Won, 2009 WL 2448408, at *3 (E.D.N.Y. Aug. 7, 2009) (citing 7 U.S.C. § 499e(c)(2)). To recover the proceeds from a PACA-created trust, a plaintiff must demonstrate:

> (1) The commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by the law.

A & J Produce Corp. v. Chang, 385 F. Supp. 2d 354, 358 (S.D.N.Y.2005) (citing 7 U.S.C. § 499e) (other citations omitted); see Katzman, 2009 WL 2448408, at *4.

Here, Plaintiff has pleaded and thus established all five elements required to recover proceeds from a statutory trust under PACA. First, Plaintiff sold Defendant Eaternity perishable agricultural commodities, namely, fresh fruits and vegetables. See Am. Compl. ¶ 14. Second, Defendant is a purchaser of produce in wholesale quantities and thus, a "dealer" within the meaning of PACA. See Am. Compl. ¶ 4; 7 U.S.C. § 499a(b)(6) ("the term 'dealer' means any person engaged in the business of buying or selling in wholesale ... quantities ... any perishable agricultural commodity in interstate ... commerce...."). Third, the transaction occurred in interstate commerce. See Am. Compl. ¶ 14; Produce Place v. U.S. Dep't of Agric., 91 F.3d 173,

6

175 (D.C.Cir. 1996) (discussing interstate commerce requirement). Fourth, since 2014, Plaintiff has not received full payment for produce sold to Eaternity. See Am. Compl. ¶ 15. Fifth, Plaintiff repeatedly requested payment from Defendant in writing, and preserved its interest in the PACA trust. See id. ¶¶ 15, 17; Nathel & Nathel v. Carlos Produce, 2009 WL 3297799, at *2 (E.D.N.Y. Oct. 9, 2009) ("To protect the assets of the trust, the unpaid seller must give the trustee written notice of intent to preserve the trust, or may provide notice of intent 'through its ordinary and usual billing or invoice statement." (quoting 7 U.S.C. § 499e(c)(3))). Accordingly, Plaintiff has established that there is a statutory trust under PACA in its favor, as well as its entitlement to its assets.

Plaintiff has also established that Hilderbrandt is individually liable under PACA. "'[I]ndividual shareholders, officers and/or directors of a corporation that is subject to PACA can face individual liability for breach of their fiduciary duty to PACA Claimants." Katzman, 2009 WL 2448408 at *4 (quoting Brigiotta's Farmland Produce & Garden Center, Inc. v. Przykuta, 2006 WL 3240729, at *4 (W.D.N.Y. July 13, 2006)). Indeed, "[l]iability may be imposed on any individual who was in a position to control trust assets and allows the assets to dissipate." Id. at *13 (citation omitted); see Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir.2007). The Court deems admitted Plaintiff's allegations that Hilderbrandt is a principal officer, director and shareholder of Eaternity, and that he was in a position to prevent the dissipation and/or conversion of the trust assets but failed to do so. See Am. Compl. ¶¶ 5, 8, 28–31.

The evidence shows that Hilderbrandt breached his fiduciary duty as a PACA trustee and is personally liable for the failure to preserve PACA trust assets for Plaintiff's benefit. Thus, the Court respectfully recommends that a default judgment as to liability be entered against

7

Defendant Hilderbrandt.

      D.      <u>Dismissal of Individual Defendants</u>

Plaintiff seeks the dismissal of individual defendants Maritza Hilderbrandt and Jodi Korlitz a/k/a Juanita Korlitz from this action. Both Maritza and Korlitz were served with the Amended Complaint but have not answered. <u>See</u> DE [45] and [47]. As Plaintiff does not intend to proceed against them, <u>see</u> Kreinces Decl. ¶ 2, this Court recommends that Maritza Hilderbrandt and Jodi Korlitz a/k/a Juanita Korlitz be dismissed from this action.

      E.      <u>Damages</u>

As noted earlier, the Court has already granted summary judgment against the corporate Defendant Eaternity. <u>See</u> DE [31]. The Court deferred its damages rulings pending the outcome of a trial on the remaining claims against Hilderbrandt. <u>Id.</u> In light of this Court's recommendation that a default judgment be entered against Hilderbrandt, any damages, interest, attorney's fees and costs awarded, are awarded against both Defendants jointly and severally.

      i.      <u>Standard Applicable to Damages Award Following Default Judgment</u>

Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default. <u>Greyhound Exhibitgroup, Inc v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992); <u>Olvera v. Los Taquitos Del Tio Inc.</u>, 2015 WL 3650238 *1 (E.D.N.Y. June 11, 2015); <u>Guaman v. Krill Contracting, Inc.</u>, 2015 WL 3620364, at *2 (E.D.N.Y. June 9, 2015). Instead, a plaintiff seeking damages from a defaulting defendant must prove entitlement to damages to a "reasonable certainty." <u>Olvera</u>, 2015 WL 3620364, at *1. Reasonable certainty means that "damages may not be merely speculative, possible or imaginary, but ... directly traceable to the breach, not remote or the result of other intervening causes." <u>Credit Lyonnais Sec. (USA) Inc. v. Alcantara</u>,

8

183 F.3d 151, 153 (2d Cir. 1999).  While the party seeking damages is entitled to all reasonable inferences from the evidence it offers, a court must "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Avelar v. Quiros, Inc., No. 13–CV–7017, 2015 WL 1247102 *5 (E.D.N.Y. Mar. 18, 2015); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 125 (E.D.N.Y. 2011) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)).

The court determining damages has the discretion to hold an evidentiary hearing.  Fed. R. Civ. P. 55(b)(2); see Castellanos v. Deli Casagrande Corp., 2013 WL 1207058 *3 (E.D.N.Y. Mar. 7, 2013), report and recommendation adopted, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013). Such a hearing is not required, however, so long as documents submitted, such as detailed affidavits, allow the court to conduct an inquiry sufficient to establish damages to a reasonable certainty.  Avelar, 2015 WL 1247102 *7.

> ii. Amount Owed

In support of its motion, Plaintiff relies on the declaration of Leonard Kreinces, Esq., as well as a copy of each invoice upon which payment is sought. DE [60-4] and [60-5]. The invoices, which are dated between June 27, 2014 and March 16, 2015, each reflect the sale of a certain quantity of produce to Defendant Eaternity. Mr. Kreinces certifies, and the Court's own calculations confirm, that the sum of the individual unpaid invoices totals $73,643.70. In view of the foregoing, the Court respectfully recommends that a judgment of $73,643.70 in damages for unpaid produce be awarded against Defendants in Plaintiff's favor. See Hop Hing Produces Inc. v. X & L Supermarket, Inc., 2013 WL 1232919, at *8 (E.D.N.Y.), report & recommendation, adopted, 2013 WL 1232948 (E.D.N.Y. Mar.26, 2013) (relying upon invoices submitted as exhibits to determine damages); Mikey's Choice LLC v. Fagos LLC, 2010 WL 935550, at *3

(E.D.N.Y. Feb.19, 2010) (same); Katzman, 2009 WL 2448408, at *4 (same).

   iii. Interest

Plaintiff also seeks prejudgment interest in the amount of $120,769 through June 7, 2018. "PACA does not itself create a right to prejudgment interest." Bounty Fresh, LLC v. J N.Y. Produce, Inc., 2014 WL 1010833, at *4 (E.D.N.Y. Mar. 14, 2014) (citing Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc., 2005 WL 1149774, at *2 (S.D.N.Y, May 16, 2005)). However, courts in this jurisdiction have awarded pre-judgment interest as a sum owing in connection with the trust transaction. Id. at *4; see also Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc., 67 F.3d 1063, 1071–1072 (2d Cir. 1995).

In support of its request for pre-judgment interest, Plaintiff relies on the following language in the invoices: "Interest at the rate of 1.5% per month added to unpaid balance." See Kreinces Decl., Ex. D. According to the Plaintiff, the interest from October 20, 2014 at 1.5% amounts to $120,769 through June 7, 2018, the date of Plaintiff's motion. Id. at ¶ 2. "When the parties are two merchants, additional terms become part of a contract unless: '(a) the offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.'" Bounty Fresh, LLC, 2014 WL 1010833, at *5 (E.D.N.Y. Mar. 14, 2014) (citing N.Y. U.C.C. § 207(2)). Moreover "[t]he party opposing the additional terms bears the burden of establishing that it qualifies under one of the exceptions," and given the defendants' default, they have not done so. Id. Accordingly, the court also recommends that the plaintiff be awarded prejudgment interest in the amount of $120,769.

   iv. Attorney's Fees and Costs

Here, Plaintiff has expressly waived its claim for attorney's fees. See Kreinces Decl. ¶ 2.

10

Therefore, it is respectfully recommended that the Court not award any attorney's fees.

As to costs, the court notes that Plaintiff has provided no documentation or justification for an award of costs. The Court therefore does not recommend awarding costs in this action, except for the $400.00 filing fee which was necessarily paid to the Court. See DE [1].

## CONCLUSION

For the foregoing reasons, this Court recommends that:

(1) the motion for entry of a default judgment against Hilderbrandt be granted;

(2) damages in the amount of $73,643.70, interest in the amount of $120,769, and costs in the amount $400.00 be jointly and severally awarded;

(3) attorney's fees not be awarded; and

(4) Maritza Hilderbrandt and Jodi Korlitz a/k/a Juanita Korlitz be dismissed from this action.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to Plaintiff's counsel by electronic filing. Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on Defendants at their last known address(es) by certified mail, and file proof of service on ECF by January 23, 2019. Plaintiff's counsel is further directed to serve a copy of this Report and Recommendation on Defendant Hilderbrandt at the two email addresses previously provided to counsel and also file proof of service on ECF by January 23, 2019. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. See 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596

F.3d 84, 92 (2d Cir. 2010); <u>Ferrer v. Woliver</u>, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008);

<u>Cephas v. Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003).


Dated: Central Islip, New York
       January 18, 2019

                                                                     /s/ Anne Y. Shields
                                                                 Anne Y. Shields
                                                                 United States Magistrate Judge